**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

ALVIN PARKER, )
Plaintiff, )
v. ) Case No. CIV-07-837-D
)
ALBINA GOSMANOVA, M.D., JESUS MEDINA, M.D., and OU MEDICAL CENTER, )
Defendants. )

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis,* brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is Defendant OU Medical Center's Special Appearance and Motion to Dismiss [Doc. #59] (Motion to Dismiss).[1] The Motion to Dismiss is brought, in part, pursuant to Fed.R.Civ.P. 12(b)(5) based on insufficiency of service of process. In the same motion, however, this Defendant moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. In support of its dispositive motion, Defendant has presented matters outside the pleadings.

---

[1]Defendants Gosmanova and Medina filed answers to Plaintiff's Amended Complaint, and a deadline of July 3, 2008, was established for the filing of dispositive motions.

Also currently pending before the District Judge is Plaintiff's Objection to this Court's Order granting Defendant OU Medical Center additional time to file an answer or dispositive motion. *See* Order [Doc. #45], Plaintiff's Objection [Doc. #48], and Defendant OU Medical Center's Response [Doc. #53]. This Report and Recommendation is submitted to the District Judge for consideration in the event Plaintiff's Objection is overruled.

Plaintiff has filed a Response [Doc. #61] (First Response) and an Amended Response [Doc. #62], and Plaintiff has also submitted additional matters outside the pleadings. The Oklahoma Department of Corrections (DOC) filed a court-ordered Special Report [Doc. #50] containing medical records and other matters outside the pleadings upon which the parties rely. Under these circumstances, it is recommended that Defendant OU Medical Center's challenge to sufficiency of service be deemed waived. Defendant OU Medical Center's motion to dismiss for failure to state a claim upon which relief may be granted should be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 56, and the motion should be granted. *See* Fed.R.Civ.P. 12(d).

**I. Defendant OU Medical Center's Challenge to Sufficiency of Service**

Defendant OU Medical Center contends that Plaintiff has not effected sufficient service of process. Rule 4(c)(1) of the Rules of Civil Procedure requires that a plaintiff in a civil case serve each defendant with a summons and a copy of the complaint. Service of a corporation may be effected in the manner prescribed for service upon individuals, *see* Fed. R. Civ. P. 4(e)(1), or by service upon an officer or agent of the corporation authorized to receive service of process. *See* Fed. R. Civ. P. 4(h). It appears that Plaintiff may have failed to properly serve Defendant OU Medical Center.[2]

---

[2]On December 6, 2007, a summons directed to OU Medical Center was received by Cindy Jacobson Dibler, who identified herself as "Asst. to CEO." *See* Process Receipt and Return [Doc. #36]. According to an affidavit submitted by OU Medical Center, however, Ms. Dibler is not now, and has never been, an officer, manager or general agent of OU Medical Center. *See* Motion to Dismiss Exhibit 7, Affidavit of Veronica Needham (OU Medical Center Risk Manager). Counsel for OU Medical Center represents that this Defendant was not aware of this action until February 6, (continued...)

Insufficiency of service of process implicates a court's personal jurisdiction over a defendant. "Personal defenses, such as lack of jurisdiction, may be deemed waived for failure to timely raise the defense, by formally submitting oneself to the jurisdiction of the court, or by 'submission through conduct.'" *United States ex rel. Combustion Systems Sales, Inc. v. Eastern Metal Products Fabricators, Inc.*, 112 F.R.D. 685, 687 (M.D.N.C.1986) (*quoting Neirbo Co. v. Bethlehem Shipbuilders Corp.*, 308 U.S. 165, 168 (1939)). Defendant OU Medical Center raised in its Motion both insufficiency of service of process and failure to state a claim upon which relief may be granted. But Defendant's second ground for dismissal is not presented simply as a motion to dismiss for failure to state a claim. Rather, by attaching pertinent evidentiary documents to its motion and referencing evidentiary documents attached to the Special Report, Defendant OU Medical Center invites this Court to consider and rely on those documents and grant relief on the merits of Plaintiff's claim. Unless the Court excludes the evidentiary documents, Rule 12(d) requires this Court to treat Defendant OU Medical Center's Motion as a motion for summary judgment. Defendant OU Medical Center has, therefore, by its actions submitted to the jurisdiction of the Court to determine Plaintiff's action against Defendant on its merits. Under these circumstances, it

---

[2](...continued)
2008, when counsel for Defendants Gosmanova and Medina called to inquire about the Medical Center's failure to enter an appearance in the case. Motion to Dismiss at 6 ¶23. The next day, counsel for OU Medical Center filed a Special Appearance and Motion for Additional Time to Answer or File Dispositive Motion [Doc. #44]. The Motion for additional time was granted. On February 11, 2008, Plaintiff filed a Domestic Return Receipt addressed to Ron Anderson and signed by "R. Greear." *See* Doc. #46. Again, according to affidavit, neither Ron Anderson nor R. Greear is now, nor has ever been, an officer, manager, or general agent of Defendant OU Medical Center. *See* Motion to Dismiss Exhibit 9, Affidavit of Veronica Needham.

is recommended that Defendant OU Medical Center's challenge to the sufficiency of service be deemed waived.

## II. <u>Motion to Dismiss for Failure to State a Claim Presenting Matters Outside the Pleadings</u>

### A. <u>Undisputed Facts Established by the Record</u>

Plaintiff requested prison medical services for a swelling on the right side of his neck. The prison doctor ordered a thyroid scan and determined that the swelling was in Plaintiff's right thyroid gland. *See* Special Report Attachment 2. Because the prison doctor did not know the cause of the swelling, Plaintiff was referred to specialists at OU Medical Center. *Id.*

Defendant Gosmanova at OU Medical Center examined the swollen area and ordered another thyroid scan. The scan, however, did not resolve the question as to whether the mass was malignant. *See* Special Report Attachment 5 at 12. Defendant Gosmanova explained to Plaintiff that she could not determine the cause of the swelling from the scan and, therefore, needed to perform a needle biopsy to determine whether the mass was malignant. Amended Complaint at 2. Defendant Gosmanova performed the needle biopsy, but the test was still inconclusive. *See* Special Report Attachment 5 at 13. She recommended to Plaintiff that the mass be surgically removed so that she could determine whether the mass was malignant. Special Report Attachment 5 at 13; Amended Complaint at 2-4. Plaintiff agreed and signed a consent form, and the mass was surgically removed by Defendant Medina, another medical doctor at OU Medical Center. Special Report Attachment 5 at 8. *See also*

Defendant OU Medical Center's Motion Exhibit 2 and Special Report Attachment 2, Affidavit of Dr. Mike Jackson (outlining chronology of medical treatment).

Plaintiff states that on May 11, 2007, the prison doctor advised him that the toxicology report showed that the swelling was a non-malignant, benign cyst. Amended Complaint at 2-4.

**B. Plaintiff's Claims**

Plaintiff claims that "the medical treatment [he] received so deviated from professional standards that it amounted to deliberate indifference" in violation of his Eighth Amendment right to be free of cruel and unusual punishment. In support of this claim, Plaintiff alleges that Defendant Medina removed the mass "at the request of defendant Gosmanova without ever reviewing [his] medical file." Amended Complaint at 5. Plaintiff further alleges that Defendant Gosmanova should have run other, less invasive tests to determine whether the mass was malignant before resorting to surgery. Her failure to do so, according to Plaintiff, "was grossly incompetent and inadequate and amounts to deliberate indifference[.]" Amended Complaint at 6. As for Defendant OU Medical Center, Plaintiff states that OU Medical Center had entered into a contract with Oklahoma Department of Corrections to provide medical services to prison inmates, and he claims that OU Medical Center failed to provide qualified physicians and failed to carry out its responsibility to provide adequate medical care. Amended Complaint at 6.

### C. Analysis

As noted above, Defendant OU Medical Center moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the basis that Plaintiff has failed to state a claim for which relief may be granted. Because matters outside the pleadings have been presented and all parties have been given the opportunity to respond and present pertinent materials, this Motion must be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).[3]

#### 1. Standard of Review

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving] party." *Id.* at 252.

---

[3] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). As required by Rule 12(d), Plaintiff was given notice of the requirements of Rule 56 and an opportunity to respond, *see* Order [Doc. #60], and in response to the Motion Plaintiff submitted additional materials outside the pleadings in both Plaintiff's Response and Amended Response [Doc. ##61, 62].

Moreover, the existence of a factual issue does not preclude entry of summary judgment where there is no evidence to support a dispute on that issue or the evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

**2. <u>Deliberate Indifference to Serious Medical Needs</u>**

The Eighth Amendment creates an obligation on the part of prison officials to provide adequate health care to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To establish an Eighth Amendment violation based on inadequate medical care, a prisoner must satisfy "both an objective component and a subjective component." *Mata v. Saiz*, 427 F. 3d 745, 751 (10th Cir. 2005) (internal quotation marks omitted). The objective component is that "the alleged harm . . . [was] sufficiently serious." *Id.* at 753. The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the defendant's culpable state of mind. The subjective component is satisfied if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prisoner must also prove that the acts performed with the culpable state of mind caused substantial harm. *See Mata*, 427 F.3d at 745. "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id.* at 751 (internal quotation marks omitted).

As the Tenth Circuit has explained:

> Eighth Amendment claims alleging inadequate or delayed medical care thus involve both an objective and a subjective component, such that we must determine both whether the deprivation is sufficiently serious and whether the [government] official acted with a sufficiently culpable state of mind.
>
> . . .
>
> Accordingly, for [a prisoner] to properly set forth an Eighth Amendment claim on which relief may be granted, he must set forth facts demonstrating that his alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, and that the Defendants' [inadequate care or] delay in meeting that need caused him substantial harm[.] Finally, to meet the subjective element of the deliberate indifference test, he must allege facts supporting an inference that Defendants knew about and disregarded a substantial risk of harm to his health or safety.

*Oxendine v. Kaplan*, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations and footnote omitted; first alteration in original).

A complaint that a physician has been merely negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle*, 429 U.S. at 105-06.[4] Although an inmate-plaintiff may not like or agree with the treatment decisions made by health care providers, mere disagreement with the medical care provided is also insufficient to state a cognizable constitutional claim for

---

[4]Although Plaintiff states that the care he received at Defendant OU Medical Center constitutes deliberate indifference to his serious medical needs, he also states that Defendant OU Medical Center "failed to provide qualified physicians and failed to carry out their responsibility to provide adequate medical care[.]" Amended Complaint at 6. This statement alleges no more than negligence on the part of Defendant OU Medical Center. Neither ordinary negligence nor even gross negligence, however, constitutes deliberate indifference to serious medical needs. *See Estelle*, 429 U.S. at 106 n. 14; *Berry v. City of Muskogee*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (negligence or gross negligence).

relief under § 1983. *See Perkins v. Kansas Department of Corrections*, 165 F. 3d 803, 811 (10th Cir. 1999).

In this case, even with all facts and inferences viewed in the light most favorable to Plaintiff, there is no evidence upon which a jury could reasonably find that Defendant OU Medical Center knew of and disregarded a substantial risk of harm to Plaintiff's health. The undisputed record before the Court demonstrates that prison officials monitored Plaintiff's condition and referred him to OU Medical Center because the DOC facilities could not diagnose his condition. Specialists at OU Medical Center performed additional tests to determine the nature of the mass and resorted to surgery only after scans and a needle biopsy proved inconclusive. Plaintiff's allegation that there are other, less invasive diagnostic tests which could have established the nature of the mass merely constitutes a disagreement with the course of treatment he received and does not rise to the level of a constitutional violation. Moreover, Plaintiff's Complaint is dependent on his retrospective knowledge that the mass was not malignant, and Plaintiff's dissatisfaction with his treatment arose only after toxicology reports established the benign nature of the mass. Based on the inconclusive medical tests, Plaintiff consented to the surgery because, as he admits, he "needed to know whether the swelling was malignant." Amended Complaint at 4. *See also* Special Report Attachment 5 at 8. In short, none of the evidence before the Court reasonably suggests that Defendant OU Medical Center acted with a sufficiently culpable state of mind and consciously disregarded a substantial risk of harm to Plaintiff's health. The record, further,

is devoid of any evidence that Plaintiff in fact suffered substantial harm from the course of medical treatment he received at Defendant OU Medical Center.

Based upon the record before the Court, no reasonable jury could return a verdict for Plaintiff on his Eighth Amendment claim against Defendant OU Medical Center. OU Medical Center is entitled to summary judgment.

## RECOMMENDATION

It is recommended that Defendant OU Medical Center's Special Appearance and Motion to Dismiss [Doc. #59] be treated as a motion for summary judgment. The motion should be granted and summary judgment entered in favor of Defendant OU Medical Center.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by June 30th, 2008. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this 9th day of June, 2008.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE