IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-837-D |
| | ) |
| ALBINA GOSMANOVA, M.D., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Couch recommends that Defendant OU Medical Center's motion to dismiss under Fed. R. Civ. P. 12(b)(5) be denied, but that its motion to dismiss under Fed. R. Civ. P. 12(b)(6), which is treated as a motion for summary judgment under Fed. R. Civ. P. 56, should be granted.[1] Plaintiff has timely filed a written objection. Thus the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[2]

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks damages under 42 U.S.C. § 1983 based on a claim that the medical treatment he received (surgical removal of his right thyroid gland) "so deviated from professional standards that it amounted to deliberate indifference"

---

[1] This ruling would not dispose of the case; claims against individual defendants remain pending.

[2] Defendant OU Medical Center has responded to Plaintiff's Objection but has not filed a timely objection of its own, thus waiving further review of all other issues. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

to his medical needs in violation of the Eighth Amendment.  *See* Am. Compl. [Doc. 27] at 3.  Upon receipt of the Special Report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and the parties' submissions regarding Defendant's motion, Judge Couch has carefully examined the record and has determined that the undisputed facts regarding Plaintiff's treatment do not permit a reasonable finding that Defendant OU Medical Center knew of and disregarded a substantial risk of harm to Plaintiff's health.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Self v. Crum*, 439 F.3d 1227, 1231-32 (10th Cir. 2006); *Mata v. Saiz*, 427 F.3d 745, 751-52 (10th Cir. 2005).

In his Objection, Plaintiff does not identify any specific error in Judge Couch's statement of undisputed facts or analysis of the record.  Plaintiff merely notes that he has alleged the treatment provided by specialists at OU Medical Center was "grossly incompetent" and "so inappropriate as to evidence . . . intentional maltreatment," and he argues that whether a "medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by a[n] expert witness."  Pl.'s Objection [Doc. 66] at 2.  Plaintiff also notes that Judge Couch previously denied his request for appointment of a medical expert, and he complains of an insufficient opportunity for discovery.

Upon independent review of the record and consideration of Plaintiff's claims of error, the Court finds itself in complete agreement with Judge Couch's conclusion that the facts shown by the record do not suggest any deliberate indifference by Defendant OU Medical Center to Plaintiff's medical need for treatment of a thyroid condition.  To obtain relief under § 1983, Plaintiff must establish a federal constitutional violation by Defendant OU Medical Center and, in the context of this case, a violation of the Eighth Amendment standard of *Estelle v. Gamble*, 429 U.S. 97 (1976),

which includes a culpable state of mind.[3]  Deliberate indifference is not shown "absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment. Matters that traditionally fall within the scope of medical judgment are such decisions as whether to . . . undertake additional medical testing." *Self*, 439 F.3d at 1232.  The requisite degree of neglect for liability under § 1983 based on a misdiagnosis, as alleged by Plaintiff, may be shown where the need for treatment is obvious, and obviousness requires direct or circumstantial evidence arising from circumstances such as "fail[ing] to treat a medical condition so obvious that even a layman would recognize the condition" or "responding to an obvious risk with treatment that is patently unreasonable." *Id*.  The undisputed facts of this case do not support an inference of deliberate indifference by Defendant OU Medical Center.

Plaintiff also has not shown that expert discovery is needed to "present facts essential to justify his opposition" to Defendant's Motion, so as to warrant a denial of the Motion or a continuance pursuant to Rule 56(f).  It is undisputed that Plaintiff received the surgical treatment recommended by a specialist for a thyroid mass that later proved to be a benign cyst.  Plaintiff alleges in support of his claim that the diagnosis of a benign cyst could have been made without surgery.  This fact, even if proven by expert testimony to that effect, would not establish "deliberate indifference" by Defendant OU Medical Center to a serious medical condition.  Under the circumstances, no expert testimony regarding the competence of Plaintiff's treating physicians is necessary to determine Plaintiff's § 1983 claim.

---

[3] Notably, there is no *respondeat superior* liability under § 1983 that would permit OU Medical Center to be held responsible simply because it employed the treating physicians. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978).  The record suggests no policy or custom of the OU Medical Center that would subject it to § 1983 liability for conduct of its staff. *See Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 847 (6th Cir. 2002) (hospital's role as health care provider did not subject it to § 1983 liability).

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation [Doc. No. 64] and GRANTS Defendant OU Medical Center's Motion to Dismiss [Doc. No. 59], construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. This matter remains under referral to Judge Couch for further proceedings under 28 U.S.C. § 636(b)(1)(B) concerning Plaintiff's claims against other defendants.

IT IS SO ORDERED this 2nd day of July, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE