## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ALVIN PARKER,           )
                  Plaintiff,   )
v.                    )     Case No. CIV-07-837-D
                    )
ALBINA GOSMANOVA, M.D., JESUS   )
MEDINA, M.D., and OU MEDICAL   )
CENTER,              )
                Defendants.  )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).[1]

Currently pending before the Court is a Motion for Summary Judgment of Defendants Gosmanova and Medina [Doc. #69] and their Brief in Support [Doc. #70] to which Plaintiff has responded [Doc. ##73, 74 and 75]. Plaintiff has filed the following motions: Motion to Appoint Independent Expert [Doc. #76] and a Motion to Amend/Correct his Amended Complaint, to amend his Declaration in Opposition to Defendants' Motion for Summary Judgment, to amend his Statement of Disputed Factual Issues, and to amend his Brief in Opposition to Defendants' Summary Judgment Motion [Doc. #82].[2]

_____

[1]Prior to the pending proceedings, Defendant OU Medical Center filed a separate motion to dismiss which the Court construed as a motion for summary judgment. United States District Judge Tim DeGiusti granted the motion by Order dated July 2, 2008. *See* Order [Doc. #72].

[2]The proposed amendments are attached to Plaintiff's Motion to Amend.

It is recommended that Plaintiff's Motion to Amend be granted as to Plaintiff's Declaration in Opposition to Defendants' Motion for Summary Judgment, Plaintiff's Statement of Disputed Factual Issues, and his Brief in Opposition to Defendants' Summary Judgment Motion but denied as to the motion to amend Plaintiff's Amended Complaint.  It is further recommended that Plaintiff's Motion to Appoint Independent Expert be denied. Finally, it is recommended that Defendants' Motion for Summary Judgment be granted.

I.     **Background**

Plaintiff states that he requested prison medical services for a swelling on the right side of his neck.  Amended Complaint [Doc. #27] at 2.  The prison doctor ordered a thyroid scan and determined that the swelling was a solid vascular mass in the right lobe of Plaintiff's thyroid gland.  *See* Special Report, Attachment 2 at 2.  Because the prison doctor did not know the cause of the swelling, Plaintiff was referred to Defendant Gosmanova at the OU Medical Center.  *Id.*  Defendant Gosmanova examined the swollen area and ordered a needle biopsy and another thyroid scan, both of which were inconclusive as to whether the mass was malignant.  *See* Special Report, Attachment 5 at 12-13.  Defendant Gosmanova informed Plaintiff that the mass would have to be surgically removed for her to determine whether the mass was malignant.  Amended Complaint at 2-4.  Plaintiff agreed, signed a consent form, and Defendant Medina removed the mass.  Special Report, Attachment 5 at 8.  Plaintiff states that on May 11, 2007, the prison doctor told him that the toxicology report showed that the swelling was a non-malignant, benign cyst.  Amended Complaint at 2-4.

II.     **Claim Presented**

Plaintiff states that "the medical treatment [he] received so deviated from professional standards that it amounted to deliberate indifference" in violation of his Eighth Amendment right to be free of cruel and unusual punishment.  In support of this claim, Plaintiff alleges that Defendant Medina removed the mass "at the request of defendant Gosmanova without ever reviewing [his] medical file."  Amended Complaint at 5.  Plaintiff further alleges that Defendant Gosmanova should have run other, less invasive tests to determine whether the mass was malignant before resorting to surgery.  Her failure to do so, according to Plaintiff, "was grossly incompetent and inadequate and amounts to deliberate indifference[.]" Amended Complaint at 6.

III.    **Analysis**

A.      **Motion to Appoint an Independent Expert**

Plaintiff contends that an independent medical expert should be appointed to "provide an opinion as to the proper diagnosis of plaintiff and the appropriate standard of care for physicians[.]" Motion to Appoint an Independent Expert at 1.  Such an expert is not needed to determine whether Plaintiff's allegations can withstand the motion for summary judgment based on the medical treatment he received.  As discussed in further detail below, "[t]o succeed on an Eighth Amendment claim, as opposed to a medical malpractice claim under state tort law, a plaintiff is required to identify 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'"  *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

Negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment. The standards that govern prisoner medical claims under the Eighth Amendment are well-established, and in this case expert opinions are not necessary to decide the pending Motion for Summary Judgment. Accordingly, Plaintiff's Motion to Appoint an Independent Expert should be denied.[3]

**B.      Motion to Amend Complaint**

When a party moves to amend its pleading, Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion . . . , and will not be disturbed absent an abuse of that discretion." *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). The Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend[.]" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Furthermore, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve

---

[3]Prior to filing his pending Motion to Appoint an Independent Expert, Plaintiff argued in the context of the dispositive motion filed by Defendant OU Medical Center that an independent medical expert should be appointed. In granting summary judgment in favor of OU Medical Center, Judge DeGiusti determined that "[u]nder the circumstances, no expert testimony regarding the competence of Plaintiff's treating physicians is necessary to determine Plaintiff's § 1983 claims." *See* Order [Doc. #72] at 3.

of trial." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (alterations, quotations and citations omitted).

In this case, Plaintiff's proposed second amendment to his complaint does not name new parties or add new claims. The underlying facts are also the same. Plaintiff states that the purpose of the proposed amendment to his complaint is to "bring the pleadings into conformity with the record evidence." It appears, however, that such an amendment to the complaint is unnecessary. At this point, the two remaining defendants have moved for summary judgment, and the motion is fully briefed. Allowing Plaintiff to further amend his complaint at this point in the proceedings would accomplish nothing except to create unnecessary delay. It is recommended that Plaintiff's motion to amend his complaint be denied. But Plaintiff's motion to amend his Declaration in Opposition to Defendants' Summary Judgment Motion, his Statement of Disputed Factual Issues, and his Brief in Opposition to Defendants' Summary Judgment Motion should be granted. Plaintiff's amendments to his declaration, statement of facts and brief have been considered in addressing Defendants' Motion for Summary Judgment.

### C.   **Motion for Summary Judgment**

#### 1.   **Standard of Review**

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the

court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving] party." *Id.* at 252. Moreover, the existence of a factual issue does not preclude entry of summary judgment where there is no evidence to support a dispute on that issue or the evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

## 2.    Deliberate Indifference to Serious Medical Needs

The Eighth Amendment creates an obligation on the part of prison officials to provide adequate health care to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To establish an Eighth Amendment violation based on inadequate medical care, a prisoner must satisfy "both an objective component and a subjective component." *Mata v. Saiz*, 427 F. 3d 745, 751 (10th Cir. 2005) (internal quotation marks omitted). The objective component is that "the alleged harm . . . [was] sufficiently serious." *Id.* at 753. The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the defendant's culpable state of mind. The subjective component is satisfied if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The

prisoner must also prove that the acts performed with the culpable state of mind caused

substantial harm.  *See Mata*, 427 F.3d at 745.  "The substantial harm requirement may be

satisfied by lifelong handicap, permanent loss, or considerable pain."  *Id.* at 751 (internal

quotation marks omitted).

> As the Tenth Circuit has explained:
>
> Eighth Amendment claims alleging inadequate or delayed medical care thus
> involve both an objective and a subjective component, such that we must
> determine both whether the deprivation is sufficiently serious and whether the
> [government] official acted with a sufficiently culpable state of mind.
> . . .
>
> Accordingly, for [a prisoner] to properly set forth an Eighth Amendment claim
> on which relief may be granted, he must set forth facts demonstrating that his
> alleged medical need . . . was sufficiently serious to meet the objective element
> of the deliberate indifference test, and that the Defendants' [inadequate care
> or] delay in meeting that need caused him substantial harm[.]  Finally, to meet
> the subjective element of the deliberate indifference test, he must allege facts
> supporting an inference that Defendants knew about and disregarded a
> substantial risk of harm to his health or safety.

*Oxendine v. Kaplan*, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations and footnote

omitted; first alteration in original).

A complaint that a physician has been merely negligent in diagnosing or treating a

medical condition does not state a valid claim of medical mistreatment under the Eighth

Amendment.  *Estelle*, 429 U.S. at 105-06.  Although an inmate-plaintiff may not like or agree

with the treatment decisions made by health care providers, mere disagreement with the

medical care provided is also insufficient to state a cognizable constitutional claim for relief

under § 1983.  *See Perkins v. Kansas Department of Corrections*, 165 F. 3d 803, 811 (10th Cir. 1999).

In this case, Plaintiff has failed to show that there is a genuine dispute as to any material fact pertinent to the subjective component of an Eighth Amendment claim based on alleged deliberate indifference to serious medical needs.  The undisputed facts demonstrate that prison officials closely monitored Plaintiff's condition and referred him to a specialist at the OU Medical Center because the DOC facilities could not diagnose his condition.  At OU Medical Center, Defendant Gosmanova, an endocrinologist, performed additional tests to determine the nature of the mass and suggested surgery only after scans and a needle biopsy proved inconclusive as to whether the mass was malignant.  Following Dr. Gosmanova's recommendation for surgery, Plaintiff consented to the surgical procedure and Defendant Medina surgically removed the mass.

The undisputed facts show that Dr. Gosmanova used diagnostic tests before recommending surgery.  Based on the inconclusive diagnostic tests, Plaintiff admittedly consented to the surgery because he "needed to know whether the swelling was malignant." Amended Complaint at 4.  *See also* Special Report, Attachment 5 at 8.  Plaintiff's allegation that there are other, less-invasive diagnostic tests which Dr. Gosmanova could have used to establish the nature of the mass evinces no more than mere disagreement with the course of treatment he received and does not rise to the level of a constitutional violation.[4]  Plaintiff's

---

[4]In the Court's prior order granting summary judgment to OU Medical Center, the Court found that even if expert testimony proved that the diagnosis of benign cyst could have been made (continued...)

retrospective dissatisfaction with his course of treatment arose only after post-surgical biopsy reports established the benign nature of the mass.  As to the surgeon, Dr. Medina, there are no facts indicating he was negligent in performing the surgery, much less deliberately indifferent to Plaintiff's serious medical needs.  No facts support an inference that Dr. Medina knew about and disregarded a substantial risk of harm to Plaintiff's health.

In sum, Plaintiff has failed to establish any genuine dispute of material fact pertinent to whether Defendant Gosmanova and Defendant Medina were deliberately indifferent to Plaintiff's serious medical needs.  The undisputed facts fail to support a reasonable inference that either Defendant Gosmanova or Defendant Medina acted with a sufficiently culpable state of mind to establish a constitutional violation, and no reasonable jury could find for Plaintiff.  Therefore, Defendants Gosmanova and Medina are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that Defendant Gosmanova and Medina's Motion for Summary Judgment [Doc. #69] be granted.  It is further recommended that Plaintiff's Motion to Appoint an Independent Expert [Doc. #76] be denied.  Plaintiff's Motion to Amend Complaint, Motion to Amend Declaration in Opposition to Defendants' Motion for Summary Judgment, Motion to Amend Plaintiff's Statement of Disputed Factual Issues, and Motion

---

[4](...continued)
without surgery, that fact would not establish "deliberate indifference" by OU Medical Center to a serious medical condition.  *See* Order [Doc. #72] at 3.  The same conclusion holds true with Plaintiff's claims against the individual doctors named as defendants.

to Amend Plaintiff's Brief in Opposition to Defendants' Summary Judgment Motion [Doc. #82] should be denied as to the motion to amend his complaint and granted as to the remaining motions to amend.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any such objections must be filed with the Clerk of the District Court by November __4th__, 2008.  *See* LCvR72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __15th__ day of October, 2008.


_____

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE