IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-837-D |
| | ) |
| ALBINA GOSMANOVA, M.D., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 85] issued by United States Magistrate Judge Valerie K. Couch on October 15, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).[1] Judge Couch recommends that the Motion for Summary Judgment of Defendants Albina Gosmanova, M.D. and Jesus Medina, M.D. be granted under Fed. R. Civ. P. 56(c), that Plaintiff's Motion to Amend be granted in part but denied with respect to a proposed amendment of his pleading, and that Plaintiff's Motion to Appoint an Independent Expert be denied. Plaintiff has timely filed a written objection. Thus the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks damages under 42 U.S.C. § 1983 based on a claim that the medical treatment he received (surgical removal of his right thyroid gland) "so deviated from professional standards that it amounted to deliberate indifference" to his medical needs in violation of the Eighth Amendment. *See* Am. Compl. [Doc. No. 27] at 3. The existing record includes the Special Report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th

---

[1] By Order of July 2, 2008, the Court adopted a prior Report and Recommendation and granted summary judgment to Defendant OU Medical Center on Plaintiff's claim against it.

Cir. 1978), and the parties' submissions regarding Defendants' Motion, including the affidavits of Dr. Gosmanova and Dr. Medina (respectively the endocrinologist and surgeon who treated Plaintiff), and Plaintiff's declarations regarding his treatment. Judge Couch has examined the record and determined that the undisputed facts do not permit a reasonable finding that Dr. Gosmanova and Dr. Medina were deliberately indifferent to Plaintiff's serious medical needs. In particular, Judge Couch finds that Plaintiff has failed to demonstrate "a genuine dispute as to any material fact pertinent to the subjective component of an Eighth Amendment claim." *See* Report [Doc. No. 85] at 8. Judge Couch further finds that expert testimony concerning Plaintiff's treatment would not alter this conclusion and that an amendment of Plaintiff's pleading to conform to the evidence is unnecessary.

In his Objection, Plaintiff first contends that Judge Couch erred in rejecting his proposed amended pleading and that "resolution of this issue is dispositive of the entire case." *See* Pl.'s Objection [Doc. No. 86] at 1. Plaintiff argues that the requested amendment would remove allegations that based his Eighth Amendment claim on a failure to perform less invasive tests and would focus, instead, on "a failure of the Defendants to interpret the results of the needle biopsy and thyroid scans correctly." *See* Pl.'s Objection [Doc. No. 86] at 2. As Plaintiff concedes in his argument, however, this allegation is already contained in his existing pleading. *See* Am. Compl. [Doc. No. 27] at 6. Further, under the liberal pleading standard of federal courts, the specific facts that Plaintiff seeks to advance in support of his Eighth Amendment claim need not be included in his pleading in order to permit their consideration. The Court fully concurs in Judge Couch's conclusion that no further amendment of Plaintiff's pleading is needed to reach a full and fair resolution of his claim.

Plaintiff also objects to Judge Couch's conclusion that he has failed to establish a genuine dispute of material fact pertinent to the issue whether his treating physicians were deliberately indifferent to serious medical needs. Plaintiff argues that "prevailing professional norms" dictated a different course of treatment and that a resort to surgery was premature. *See* Pl.'s Objection [Doc. No. 86] at 4. Plaintiff presents evidence that other physicians would have recommended, and did recommend, the administration of thyroid hormone and continued observation of the thyroid nodule before determining whether surgery was necessary.

On the other hand, Dr. Gosmanova, who is board certified in internal medicine and a fellow in endocrinology, has testified why removal of Plaintiff's thyroid nodule was consistent with "the overwhelming recommendation of [her] practice." *See* Gosmanova Aff. [Doc. No. 70-2], ¶ 5. Similarly, Dr. Medina, who has a fellowship in head and neck oncology surgery and is a professor of otorhinolaryngology at the Oklahoma University Health Sciences Center, has testified that Dr. Gosmanova's "diagnosis and referral for surgery were appropriate, and well within the standard of care for a physician" and that "the operation performed was a necessary operation in order to determine if cancer did exists [sic]." *See* Medina Aff. [Doc. No. 70-3], ¶ 11. Regardless whether the opinions of Dr. Gosmanova and Dr. Medina are medically correct, the evidence is undisputed that Plaintiff's treating physicians exercised their professional judgment in deciding to proceed with a right thyroid lobectomy. Assuming an error in judgment occurred, even a serious one, Plaintiff's proof would not amount to a constitutional claim of medical mistreatment.

In short, the Court fully concurs in Judge Couch's conclusion that there is no evidence to suggest Dr. Gosmanova and Dr. Medina consciously disregarded a substantial risk of harm to Plaintiff's health. Therefore, Plaintiff cannot establish an Eighth Amendment claim under the standard of *Estelle v. Gamble*, 429 U.S. 97 (1976), and its progeny.

Finally, Plaintiff objects to the denial of his request that a medical expert be appointed to assist with his case. Specifically, Plaintiff argues that "expert medical testimony is necessary to ascertain whether the administration of thyroid hormone is no longer used to treat a thyroid nodule" contrary to the defendant physicians' affidavits.[2] *See* Pl.'s Objection [Doc. No. 86] at 5. For reasons previously explained, *see* Order of July 2, 2008 [Doc. No. 72] at 3, the Court reaffirms its conclusion that expert discovery is not needed. Assuming Plaintiff can prove a different course of treatment was available and would have been recommended by other medical professionals, this evidence would not establish "deliberate indifference" by Dr. Gosmanova and Dr. Medina to Plaintiff's serious medical condition.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 85] in its entirety. The Court enters the recommended rulings as follows:

- Defendants' Motion for Summary Judgment [Doc. No. 69] is GRANTED. Judgment will be entered accordingly.

- Plaintiff's Motion to Amend [Doc. No. 82] is GRANTED in part and DENIED in part. The attachments to the Motion pertaining to summary judgment issues were considered, namely, Plaintiff's Declaration, Statement of Disputed Factual Issues, and Brief in Opposition. *See* Motion to Amend [Doc. No. 82] at 11-24. Plaintiff's request to file his proposed second amended complaint is denied.

- Plaintiff's Motion to Appoint an Independent Expert [Doc. No. 76] is DENIED.

IT IS SO ORDERED this 10th day of November, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Dr. Gosmanova and Dr. Medina actually testified that surgery was the recommended treatment, rather than medication, under the particular circumstances of Plaintiff's case.